IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHAWN MURPHY            )
                        )   No. 3-11-1191
v.                      )
                        )
McCLOUD'S LAWN &        )
LANDSCAPING SERVICES, LLC )


TO:   Honorable Kevin H. Sharp, District Judge


# REPORT AND RECOMMENDATION

## I. BACKGROUND

The plaintiff, represented by counsel, filed this lawsuit on December 19, 2011, claiming violations of the Fair Labor Standards Act ("FSLA"). An initial case management conference was held on February 6, 2012, case management orders were entered on February 6, 2012 (Docket Entry Nos. 7-8), and the pretrial conference and trial were scheduled on April 1, 2013, and April 23, 2103, respectively.

On August 9, 2012, plaintiff's counsel filed a motion to withdraw (Docket Entry No. 11), which was initially denied for failure to comply with Local Rule 83.01(g). Plaintiff's counsel filed a second motion to withdraw on September 20, 2012 (Docket Entry No. 13), which was granted by order entered October 18, 2012 (Docket Entry No. 15). In both motions, plaintiff's counsel cited as grounds the difficulty in communicating with the plaintiff and counsel attached to the second motion his letter, dated August 27, 2012, to the plaintiff. See Docket Entry No. 13-1. In that letter, counsel recounted that he had unsuccessfully attempted to contact the plaintiff by telephone on two occasions prior to his scheduled deposition on August 9, 2012, and discovered that the two telephone numbers plaintiff's counsel had for the plaintiff were no longer active. Counsel also related that he had also

emailed the plaintiff but had not received a response and that the plaintiff had moved to Florida without notifying his counsel and failed to provide his counsel with updated contact information.

In the October 18, 2012, order, the Court allowed the plaintiff 30 days to retain substitute counsel or to notify the Court that he intended to proceed pro se.

By order entered October 19, 2012 (Docket Entry No. 17), a status conference was scheduled on November 30, 2012, to address the progression of the case. The order provided that, if the plaintiff had obtained substitute counsel, his attorney must appear on November 30, 2012, but, if he did not have an attorney, the plaintiff must personally appear. The order specifically warned the plaintiff that his failure to comply with the October 18, 2013, order and his failure to appear or for an attorney to appear on his behalf on November 30, 2012, could result in his case being dismissed.

The October 18, 2012, and October 19, 2012, orders were mailed by regular, first class mail and by certified mail to the plaintiff at the address provided by his former counsel.[1] The first class mail and certified mail enclosing both orders were returned with the notation that the mailings were undeliverable and that the Post Office was unable to forward the mail. See Docket Entry Nos. 19-22.

The plaintiff did not obtain substitute counsel nor did he notify the Court that he intended to proceed pro se as required by the October 18, 2012, order.

Counsel for the defendant appeared for the status hearing on November 30, 2012, but no appearance was made on behalf of the plaintiff. Nor has the plaintiff made any contact with defendant's counsel or with the Court since his counsel was permitted to withdraw. Defendant's counsel orally moved to dismiss this action because of the plaintiff's failure to comply with the October 18, 2012, and October 19, 2012, orders.

---

[1] The Hendersonville address is apparently the only address that plaintiff's former counsel had, although his former counsel was aware that he had moved to Florida.

## II. DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides that:

[i]f a party . . . fails to obey a scheduling . . . order . . ., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Pursuant to Rule 37(b)(2)(C), as assimilated into Rule 16(f), the Court may dismiss an action. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Bishop v. Cross, 790 F.2d 38 (6th Cir. 1986); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam); Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff's failure to comply with the Court's orders appears to track his conduct prior to his attorney's moving to withdraw. He was apparently unwilling to communicate with his former counsel, despite their various attempts to communicate with him by telephone and email. The plaintiff has exhibited that same lack of interest in this case after his attorneys were allowed to withdraw.

The plaintiff had ample opportunity to communicate with his former counsel and has had ample opportunity to communicate with the Court since his counsel withdrew. Although the Court acknowledges that he did not receive copies of the October 18, 2012, and October 19, 2012, orders, the plaintiff had an obligation to stay in contact with his former counsel, appear for his scheduled deposition and, when counsel withdrew, he continued to be obligated to apprise the Court of his current address and comply with Court orders.

It is apparent that the plaintiff has lost all interest in pursuing this case.

### III. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that the defendant's oral motion to dismiss be GRANTED, and that this action be dismissed with prejudice for the plaintiff's failure to comply with the order entered October 18, 2012 (Docket Entry No. 15), by failing to obtain substitute counsel or notify the Court that he was proceeding pro se, his failure to comply with the order entered October 19, 2012 (Docket Entry No. 17), by failing to appear on November 30, 2012, and his failure to provide the Court or opposing counsel with his current address, to communicate in any form or fashion with the Court and to otherwise prosecute this case, pursuant to Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

The Clerk is directed to mail a copy of this Report and Recommendation to the plaintiff at the address listed on the docket by regular, first class mail and by certified mail.[2]

Respectfully Submitted,

JULIET GRIFFIN
United States Magistrate Judge

---

[2] The Court has no illusions that the plaintiff will actually receive any mailings from the Court, but the Court has directed that a copy of this Report and Recommendation be mailed to the plaintiff by regular, first class mail and by certified mail to his last known address on the slightest of off chances that he could actually receive the mail.